IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DELOIS S. ROBINSON,                )
                                   )
           Plaintiff,              )
                                   )
     v.                            )    1:11CV017
                                   )
CAROLYN W. COLVIN,[1]              )
Commissioner of Social Security,   )
                                   )
           Defendant.              )

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff DeLois Robinson ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title II of the Social Security Act. On November 1, 2013, Plaintiff filed a letter Motion [Doc. #22] requesting that this Court dismiss her case. Thereafter, Defendant filed a Motion [Doc. #24] requesting that the Court dismiss Plaintiff's action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The unusually lengthy procedural history of this case dates back to 1984, when Plaintiff initially filed disability applications with the Social Security Administration ("SSA"). (See Tr. at

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

15.)[2]  For purposes of the instant motions, however, the relevant facts are as follows.  Shortly after Plaintiff filed her Complaint on January 13, 2011, Defendant filed a Motion to Remand by consent, noting that the SSA had lost the recording of Plaintiff's most recent administrative hearing, rendering it impossible to compile a complete record.  Based on that Motion, the Court remanded the case by Consent Order for further administrative proceedings under Sentence Six of 42 U.S.C. 405(g).  (See Def.'s Mot. for Remand [Doc. #7] and Consent Order [Doc. #9].)  On remand, Plaintiff received a new hearing on July 31, 2012, which resulted in a decision finding that she was not disabled.  (Tr. at 15-27.)  On February 12, 2013, the Appeals Council declined Plaintiff's request to assume jurisdiction, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review (Tr. at 9-10).

On July 24, 2013, Plaintiff's attorney moved to withdraw, noting that he had withdrawn from the administrative proceedings with Plaintiff's consent.  That request was allowed, and the Court subsequently granted Plaintiff's *pro se* letter motion for an extension of time to hire an attorney, giving her up to and including November 1, 2013 to retain counsel.  However, Plaintiff was ultimately unable to find new representation.  Thereafter, Plaintiff filed the present letter Motion [Doc. #22] on November 1, 2013, requesting that the Court dismiss her case.  Two weeks later, on November 15, 2013, the Court's dispositive motion deadline passed with no further action on Plaintiff's part.  Defendant then filed its present Motion [Doc. #24] asking that the Court dismiss Plaintiff's action for failure to prosecute under Rule 41(b).

---

[2] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer [Doc. #15].

Given that Plaintiff filed her motion to dismiss after Defendant's Answer, but before the expiration of any court-ordered deadlines, the Court finds that voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), rather than involuntary dismissal under Rule 41(b), better reflects the posture of the present case. Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Here, Plaintiff's motion does not specify whether the dismissal should be with or without prejudice. Because timing alone presumptively prevents Plaintiff from refiling the instant action, this distinction is unlikely to make any practical difference. See 42 U.S.C. § 405(g) (stating that a claimant has 60 days after notice of the Appeals Council's decision to file a civil action). However, there is no conduct by Plaintiff or other circumstances that would warrant dismissal with prejudice, and there is no need to resolve any future potential timeliness issues at this time. Therefore, the Court recommends that the case be dismissed without prejudice on Plaintiff's Motion, leaving the parties free to present their respective arguments on timeliness if Plaintiff refiles her action.

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion to Dismiss [Doc. #22] be GRANTED, and that this action be DISMISSED without prejudice. It is further RECOMMENDED that Defendant's Motion to Dismiss for Failure to Prosecute [Doc. #24] be DENIED as moot.

This, the 15th day of January, 2014.

                                                     /s/ Joi Elizabeth Peake
                                                   United States Magistrate Judge